# UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF INDIANA
### TERRE HAUTE DIVISION

| | | |
|---|---|---|
| RAYMOND STROMINGER, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | Case No. 2:13-cv-291-JMS-WGH |
| | ) | |
| INDIANA DEPT. OF CORRECTIONS, et al., | ) | |
| | ) | |
| | ) | |
| Defendants. | ) | |

**Entry Discussing Amended Complaint and Directing Further Proceedings**

Before the Court is plaintiff Raymond Strominger's 42-page amended complaint. Strominger is confined to a wheelchair and currently incarcerated at the Wabash Valley Correctional Facility ("WVCF"). He has sued the Indiana Department of Corrections ("IDOC") and 17 employees claiming violations of the Rehabilitation Act, 29 U.S.C. §§ 794–94e, the Americans with Disabilities Act ("ADA"), 42 U.S.C. §§ 12111–213, and the Fourteenth Amendment. All of Strominger's claims arise from his allegations that employees at WVCF have failed to accommodate his disability and have refused his participation in the ACT program because of his disability. The amended complaint is now subject to the screening requirement of 28 U.S.C. § 1915A(b). For the reasons explained below, certain claims are dismissed while other claims shall proceed.

## I.  Standard of Review

Pursuant to 28 U.S.C. § 1915A(b), "[a] complaint is subject to dismissal for failure to state a claim if the allegations, taken as true, show that plaintiff is not entitled to relief." *Jones v.*

*Bock,* 549 U.S. 199, 215 (2007). To satisfy the notice-pleading standard of Rule 8 of the Federal Rules of Civil Procedure, a complaint must provide a "short and plain statement of the claim showing that the pleader is entitled to relief," which is sufficient to provide the defendant with "fair notice" of the claim and its basis. *Erickson v. Pardus*, 551 U.S. 89, 93 (2007) (per curiam) (citing *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) and quoting Fed. R. Civ. P. 8(a)(2)). To survive a motion to dismiss, the complaint "must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face. . . . A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949 (2009) (quotations omitted). Pro se complaints such as that filed by Strominger, are construed liberally and held to a less stringent standard than formal pleadings drafted by lawyers. *Erickson*, 551 U.S. at 94; *Obriecht v. Raemisch*, 517 F.3d 489, 491 n.2 (7th Cir. 2008).

## II.  Certain Claims are Dismissed

Applying the standard set forth above certain claims must be dismissed.

### A.        Statutory Claims

The **statutory claims against the individual defendants are dismissed.** Several of the individual defendants are named in the ADA and Rehabilitation Act claims, but employees of the IDOC are not amenable to suit under the Rehabilitation Act or the ADA. *See Jaros v. Illinois Dept. of Corrections*, 684 F.3d 667, 670 (7th Cir. 2012) (citing 29 U.S.C. § 794(b); 42 U.S.C. § 12131; *Foley v. City of Lafayette*, 359 F.3d 925, 928 (7th Cir. 2004); *Garcia v. S.U.N.Y. Health Scis. Ctr. of Brooklyn*, 280 F.3d 98, 107 (2d Cir. 2001) (collecting authority)). Accordingly, the ADA and Rehabilitation Act claims against the individual defendants in their individual

2

capacities are dismissed. In addition, a claim against the individual defendants in their official capacities is really a claim against the IDOC. *See Jaros*, 684 F.3d at fn.2. Because the IDOC is also named as a defendant the ADA and Rehabilitation Act claims against the individual defendants in their official capacities are dismissed as duplicative.

The **ADA claims are dismissed.** The relief provided by the ADA and Rehabilitation Act are coextensive and a plaintiff suing under both statutes may have only one recovery. *Jaros*, 684 F.3d at 671 *(citing Duran v. Town of Cicero, Ill.,* 653 F.3d 632, 639 (7th Cir. 2011) (plaintiffs may have but one recovery); *Calero–Cerezo v. United States Dep't of Justice,* 355 F.3d 6, 11 n. 1 (1st Cir. 2004) (dismissal of ADA claim had no effect on scope of remedy because Rehabilitation Act claim remained)). In addition, "the analysis governing each statute is the same except that the Rehabilitation Act includes as an additional element the receipt of federal funds, which all states accept for their prisons." *Id.* For these reasons the ADA claims (and their associated question of sovereign immunity) are summarily dismissed. *Id.*

## B.    Constitutional Claims

The amended complaint purports to bring four constitutional claims against the individual defendants pursuant to 42 U.S.C. § 1983. The first claim is dismissed for failure to state a claim. The remaining claims are barred by the statute of limitations.

The first claim alleges the denial of access to the ACT program without due process. The first inquiry in every § 1983 case is whether there has been the deprivation of a right secured by the Constitution or laws of the United States, for without a predicate constitutional violation one cannot make out a *prima facie* case under ' 1983. *Juriss v. McGowan,* 957 F.2d 345, 349 n.1 (7th Cir. 1992).

3

Strominger suggests that he has a liberty interest in participating in the ACT program because upon completion of the program an inmate may be released from administrative segregation and returned to general population. In *Sandin v. Conner,* 115 S. Ct. 2293, 2300 (1995), the Supreme Court explained that state-created liberty interests—which is to say, due process protections—"will be generally limited to freedom from restraint which, . . . imposes atypical and significant hardships on the inmate in relation to the ordinary incidents of prison life." *Id.* "In the absence of such 'atypical and significant' deprivations, the procedural protections of the Due Process Clause will not be triggered." *Lekas v. Briley,* 405 F.3d 602, 608 (7th Cir. 2005). The alleged denial of participation in the ACT program does not constitute the loss of a protected liberty interest because it did not result in an atypical and significant hardship on the inmate in relation to the ordinary incidents of prison life—nor did it prolong the anticipated duration of his confinement. This denial, therefore, did not implicate Strominger's undoubted right to due process. *See, e.g., Higgason v. Farley,* 83 F.3d 807, 809-810 (7th Cir. 1996) (the denial of access to educational programs does not infringe on a protected liberty interest, even if denied the opportunity to earn good time credits); *Garza v. Miller,* 688 F.2d 480, 485-86 (7th Cir. 1982) (there is no constitutional mandate that prisons must provide rehabilitative programs), *cert. denied,* 459 U.S. 1150 (1983).

Similarly, to the extent that Strominger alleges that he was denied due process in his attempts to grieve or otherwise pursue his administrative remedies related to the denial of participation in the ACT program this claim is also **denied.** The Seventh Circuit has "specifically denounc[ed] a Fourteenth Amendment substantive due-process right to an inmate grievance procedure." *Grieveson v. Anderson*, 538 F.3d 763, 772 (7th Cir. 2008). As explained in *Antonelli*

4

*v. Sheahan,* 81 F.3d 1422, 1430-31 (7th Cir. 1996), "any right to a grievance procedure is a procedural right, not a substantive one. Accordingly, a state's inmate grievance procedures do not give rise to a liberty interest protected by the Due Process Clause." *Id.* at 1430-31(internal citations omitted). Because Strominger had no expectation of a particular outcome of his grievances or complaints there is no viable claim which can be vindicated through ' 1983. *Juriss v. McGowan*, 957 F.2d 345, 349 n.1 (7th Cir. 1992) (without a predicate constitutional violation one cannot make out a *prima facie* case under ' 1983).

The plaintiff's remaining claims are barred by the statute of limitations, which is two years for constitutional torts in Indiana. *See Myles v. United States,* 416 F.3d 551 (7th Cir. 2005). Strominger alleges that he was denied access to his wheelchair on certain occasions for extended periods of time on or before November 2010; denied outside recreation until January 3, 2011, when a wheelchair ramp was installed; and denied the use of a handicap accessible van between April 14, 2010 and April 28, 2010.

This action was filed on August 9, 2013, more than two years after wheelchair, outside recreation and handicap accessible van claims accrued. "It is, of course, 'irregular' to dismiss a claim as untimely under Rule 12(b)(6). . . . However, . . . dismissal under Rule 12(b)(6) on the basis of a limitations defense may be appropriate when the plaintiff effectively pleads [himself] out of court by alleging facts that are sufficient to establish the defense.@ *Hollander v. Brown,* 457 F.3d 688, 691 n.1 (7th Cir. 2006) (internal citations omitted); *see also Koch v. Gregory*, -- Fed. Appx. --, 2013 WL 5779636 (7th Cir. Oct. 28, 2013) (stating that when the language of the complaint plainly shows that the statute of limitations bars the suit, dismissal under § 1915A is appropriate).

5

**In conclusion, all claims against the individual defendants (in their individual and official capacities) and the § 1983 claims are dismissed.** No partial final judgment shall issue at this time as to the claims resolved in this Entry.

### III. Certain Claims Shall Proceed

The remaining claims for consideration are brought under the Rehabilitation Act. To state a claim under the Rehabilitation Act, Strominger need only allege that (1) he is a qualified person (2) with a disability and (3) the IDOC denied him access to a program or activity because of his disability. *Jaros,* 684 F.3d at 672. Refusing to make reasonable accommodations is tantamount to denying access. *Id.* The following RA claims against the IDOC (the sole remaining defendant) shall proceed as submitted:

Claim 1: Strominger alleges that the IDOC has discriminated against him by denying him the opportunity to participate in the ACT program because he is confined to a wheelchair.  In other words he has been kept out of the program because of his disability.

Claim 2: Strominger alleges that the IDOC has failed to accommodate his disability by taking his wheelchair for extended periods of time and as a result he was denied the ability to move about his cell.

Claim 3: Strominger alleges that the IDOC denied him access to the outside recreation area because he is confined to a wheelchair.

Claim 4: Strominger alleges that that the IDOC refused to accommodate his disability with a wheelchair accessible van such that he was denied the ability to attend an eye doctor appointment.

6

The defendants have appeared in this action and shall have **30 days** from the date this Entry is issued in which to file an answer or otherwise respond to the amended complaint.

In concluding that the four Rehabilitation Act claims referenced above may proceed, the court makes no finding as to the application of the statute of limitations as to these claims. The amended complaint suggests that the four year statute of limitations provided by 28 U.S.C. § 1658 should be applied. This issue will not be addressed by the court *sua sponte*. The defendant may raise this issue in a motion pursuant to Rule 12(c) of the Federal Rules of Civil Procedure if appropriate.

**IT IS SO ORDERED.**

Date:  11/01/2013

Hon. Jane Magnus-Stinson, Judge
United States District Court
Southern District of Indiana

Distribution:

All Electronically Registered Counsel

RAYMOND STROMINGER
160814-B701
WABASH VALLEY CORRECTIONAL FACILITY - Inmate Mail/Parcels
6908 S. Old US Hwy 41
P.O. Box 1111
CARLISLE, IN 47838

7