UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
TERRE HAUTE DIVISION

| | |
|---|---|
| RAYMOND STROMINGER, | ) |
| Plaintiff, | ) ) ) |
| vs. | ) )    Case No. 2:13-cv-291-JMS-WGH |
| INDIANA DEPT. OF CORRECTIONS, | ) ) ) ) |
| Defendant. | ) |

**Entry Granting Motion for Reconsideration**

The Entry of November 1, 2013, dismissed the Americans with Disabilities Act claims in the course of screening the amended complaint. The plaintiff now seeks reconsideration of the dismissal of his ADA claims.

The Court reasoned that dismissal was appropriate because the relief provided by the ADA and Rehabilitation Act are coextensive and a plaintiff suing under both statutes may have only one recovery. *Jaros*, 684 F.3d at 671 *(citing Duran v. Town of Cicero, Ill.,* 653 F.3d 632, 639 (7th Cir. 2011) (plaintiffs may have but one recovery); *Calero–Cerezo v. United States Dep't of Justice,* 355 F.3d 6, 11 n. 1 (1st Cir. 2004) (dismissal of ADA claim had no effect on scope of remedy because Rehabilitation Act claim remained)). In addition, "the analysis governing each statute is the same except that the Rehabilitation Act includes as an additional element the receipt of federal funds, which all states accept for their prisons." *Id.*

The motion for reconsideration accepts the Court's reasoning but requests that the ADA claims associated with Claims 2, 3 and 4 be reinstated and the Rehabilitation Act claims dismissed. The reason for this adjustment is the plaintiff's belief that a four year statute of limitations period applies to his ADA claims while only a two year statute of limitations applies to his Rehabilitation Act claims.

The Court's preliminary research on the issue suggests that, in Indiana, a two year statute of limitations applies to both the ADA and Rehabilitation Act. But, as this Court previously held this issue will not be addressed *sua sponte* and the defendant may (if appropriate) raise this issue in a motion pursuant to Rule 12(c) or Rule 56 of the *Federal Rules of Civil Procedure.*

Accordingly, the motion to reconsider [dkt. 28] is **granted to the extent that both the ADA and Rehabilitation Act claims against the Indiana Department of Correction may proceed as to Claims 2, 3, and 4.**

In summary, the following claims against the IDOC shall proceed:

Claim 1: Strominger alleges that the IDOC has discriminated against him by denying him the opportunity to participate in the ACT program because he is confined to a wheelchair. In other words he has been kept out of the program because of his disability in violation of the Rehabilitation Act.

Claim 2: Strominger alleges that the IDOC has failed to accommodate his disability by taking his wheelchair for extended periods of time and as a result he was denied the ability to move about his cell in violation of the ADA and Rehabilitation Act.

Claim 3: Strominger alleges that the IDOC denied him access to the outside recreation area because he is confined to a wheelchair in violation of the ADA and Rehabilitation Act.

Claim 4: Strominger alleges that that the IDOC refused to accommodate his disability with a wheelchair accessible van such that he was denied the ability to attend an eye doctor appointment in violation of the ADA and Rehabilitation Act.

The defendants have appeared in this action and shall have **30 days** from the date this Entry is issued in which to file an answer or otherwise respond to the amended complaint.

**IT IS SO ORDERED.**

Date: 11/14/2013

Hon. Jane Magnus-Stinson, Judge
United States District Court
Southern District of Indiana

Distribution:

All Electronically Registered Counsel

RAYMOND STROMINGER
160814-B701
WABASH VALLEY CORRECTIONAL FACILITY - Inmate Mail/Parcels
6908 S. Old US Hwy 41
P.O. Box 1111
CARLISLE, IN 47838