UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
TERRE HAUTE DIVISION

RAYMOND STROMINGER,           )
                              )
                  Plaintiff,  )
                              )
vs.                           )   Case No. 2:13-cv-291-JMS-WGH
                              )
INDIANA DEPT. OF CORRECTIONS, )
                              )
                              )
                  Defendant.  )

**Entry Granting Defendant's Partial Motion to Dismiss**

Plaintiff Raymond Strominger, an inmate in the custody of the Indiana Department of Correction ("IDOC"), filed an amended complaint which alleges four claims based on physical barriers to services under the Americans with Disabilities Act ("ADA") and the Rehabilitation Act of 1973 ("Rehabilitation Act"). Three of these claims (claims II, III and IV) are based on events which occurred at various times in 2009 and 2010.[1] The IDOC seeks dismissal of these three claims based on Indiana's two-year statute of limitations. For the reasons explained below, the partial motion to dismiss [dkt. 36] is **granted.**

**Discussion**

There is no dispute that the circumstances upon which claims II, III and IV are based all occurred in 2009 or 2010. In particular, Strominger alleges that he was denied access to his

---

[1] Claim I of the Amended Complaint alleges that the IDOC discriminated against Strominger by denying him the opportunity to participate in the ACT program because he is confined to a wheelchair. In other words, he has been kept out of the ACT program because of his disability in violation of the Rehabilitation Act. This claim is not addressed in the motion to dismiss and remains pending.

1

wheelchair on certain occasions for extended periods of time before November 2010 (claim II); denied outside recreation until January 3, 2011, when a wheelchair ramp was installed (claim III); and denied the use of a handicap accessible van between April 14, 2010 and April 28, 2010 (claim IV). There is also no dispute that this action was initiated more than two years later on August 9, 2013. In addition, there is no dispute that the two year statute of limitations applies to Strominger's claims under the Rehabilitation Act, 29 U.S.C. §§ 794–94e, and that application of a two year statute of limitations period bars claims II, III, and IV.

What is in dispute is the applicable statute of limitations for claims brought under the Americans with Disabilities Act ("ADA"), 42 U.S.C. §§ 12111–213. The IDOC argues that a two-year statute of limitations applies to Strominger's ADA claims. Strominger argues that a four-year statute of limitations should apply.

The ADA, like many federal civil rights statutes, does not contain a specific statute of limitations. Where a federal statute provides a cause of action but does not specify a limitations period, courts determine the appropriate statute of limitations in one of two ways. First, if the federal cause of action arises under an Act of Congress enacted after December 1, 1990, it is governed by 28 U.S.C. § 1658, which prescribes a four-year statute of limitations period.[2] *Jones v. R.R. Donnelley & Sons Co.*, 541 U.S. 369, 382 (2004). Alternatively, courts borrow the most analogous state limitations period, so long as the application of state law is not "at odds with the

---

[2] Specifically, the catchall statute states:

> (a) Except as otherwise provided by law, a civil action arising under an Act of Congress enacted after the date of the enactment of this section may not be commenced later than 4 years after the cause of action accrues.

42 U.S.C. § 1658(a). This statute was enacted December 1, 1990. See Pub. L. No. 101-650, 104 Stat. 5114 (1990).

purpose or operation of federal substantive law." *North Star Steel Co. v. Thomas*, 515 U.S. 29, 34 (1995) (internal quotation marks and citations omitted).

Strominger would prefer for his ADA claims to fall into the "catchall 4-year statute of limitations for actions arising under federal statutes enacted after December 1, 1990," *Jones,* 541 U.S. at 371 (citing 28 U.S.C. § 1658). In support of this preference, Strominger contends that claims II, III, and IV of the amended complaint arise under Title II of the ADA and that these provisions did not become **effective** until after December 1, 1990. But this contention is not persuasive. It is the date that the statute was **enacted** and not the day that it became effective which matters. Title II of the ADA (which includes 42 U.S.C. §§ 12131, 12132 and 12133) was enacted on July 26, 1990, prior to December 1, 1990. *Bragdon v. Abbott*, 524 U.S. 624, 644 (1998) (noting that the ADA was enacted in July 1990). Subsequent amendments did not create or enhance Strominger's right to sue. Strominger was a qualified person with a disability under the ADA's 1990 definition and the claims that he is bringing in this matter were made possible by ADA's initial enactment in 1990. The failure to provide a wheelchair, a wheelchair ramp, and a van that would be appropriate for transporting individuals in wheelchairs were all claims that could be brought by the ADA as originally enacted. *Cordova v. University of Notre Dame Du Lac*, 936 F.Supp.2d 1003, 1007-10 (N.D. Ind. 2013) (determining that Indiana's two-year statute of limitations applied rather than § 1658 because plaintiff's claims were not created by recent amendments, which only clarified the broad scope of the ADA intended by Congress). For these reasons § 1658 does not apply to Strominger's ADA claims.

As a result, for cases brought in Indiana, ADA and Rehabilitation Act claims are governed by the state's two-year statute of limitations for personal injury claims. *See* Ind. Code

§ 34-11-2-4. Applying the most analogous state-law statute of limitations to ADA claims is consistent with persuasive authority. *See A Society Without A Name v. Virginia*, 655 F.3d 342, 347 (4th Cir. 2011) (citing *Jones* to conclude that plaintiff's ADA claim was governed by the state statute of limitation rather than the § 1658); *McCormick v. Miami University*, 693 F.3d 654, 662 (6th Cir. 2012) (discussing § 1658 and applying Ohio's two year personal injury statute to ADA and Rehabilitation Act claims); *Pickern v. Holiday Quality Foods Inc.*, 293 F.3d 1133, 1137 n. 2 (9th Cir. 2002) (the statute of limitations of the most analogous state law applies to ADA claims). Accordingly, the statute of limitations for Rehabilitation Act claims and claims under Titles II of the ADA, which deal with public services are governed by the limitations period for personal injury claims in the forum state; that time period is two years in Indiana. *See Untermyer v. College of Lake County*, 284 Fed.Appx. 328, 330, 2008 WL 2520886, *1 (7th Cir. 2008) (applying Illinois law) (*citing Conley v. Vill. of Bedford Park*, 215 F.3d 703, 710 n. 5 (7th Cir. 2000); and *Soignier v. Am. Bd. of Plastic Surgery*, 92 F.3d 547, 551 & n. 3 (7th Cir. 1996)).

Claims II, III, and IV all accrued more than two years before this civil action was filed and are barred by the statute of limitations. When a plaintiff "pleads facts that show his suit is time barred or otherwise without merit, he has pleaded himself out of court." *Tregenza v. Great American Communications Co.,* 12 F.3d 717, 718 (7th Cir. 1993); *see also Indep. Trust Corp. v. Stewart Info. Servs. Corp.*, 665 F.3d 930, 935 (7th Cir. 2012) ("[W]hen a plaintiff's complaint nonetheless sets out all of the elements of an affirmative defense, dismissal under Rule 12(b)(6) is appropriate."); *Logan v. Wilkins,* 644 F.3d 577, 581 (7th Cir. 2011)("While a statute-of-limitations defense is not normally part of a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6), when the allegations of the complaint reveal that relief is barred by the

4

applicable statute of limitations, the complaint is subject to dismissal for failure to state a claim.").

## Conclusion

Claims II, III, and IV of the amended complaint are barred by the two-year statute of limitations for bringing such claims in Indiana. For these reasons, IDOC's motion to dismiss [dkt. 36] is **granted.** Claim I remains pending. *See* fn. 1, supra.

No partial final judgment shall issue at this time as to the claims resolved in this Entry.

**IT IS SO ORDERED.**

Date: 06/02/2014

*[Signature]*

Hon. Jane Magnus-Stinson, Judge
United States District Court
Southern District of Indiana

Distribution:

All Electronically Registered Counsel

RAYMOND STROMINGER, 160814-B701
WABASH VALLEY CORRECTIONAL FACILITY - Inmate Mail/Parcels
6908 S. Old US Hwy 41
P.O. Box 1111
CARLISLE, IN 47838