UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
TERRE HAUTE DIVISION

| | | |
|---|---|---|
| RAYMOND STROMINGER, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | Case No. 2:13-cv-291-JMS-WGH |
| | ) | |
| INDIANA DEPT. OF CORRECTIONS, | ) | |
| | ) | |
| | ) | |
| Defendant. | ) | |

**Entry Discussing Recruitment of Counsel**

This matter is before the court on the Plaintiff's Motion to Appoint Counsel filed March 28, 2014 [dkt. 51]. That motion has been considered. Pursuant to 28 U.S.C. § 1915(e)(1), courts are empowered only to "request" counsel. *Mallard v. United States District Court*, 490 U.S. 296, 300 (1989). If this Court had enough lawyers willing and qualified to accept a pro bono assignment, it would assign a pro bono attorney in almost every pro se case. But there are not nearly enough attorneys to do this. As a result, this Court has no choice but to limit appointment of counsel to those cases in which it is clear under the applicable legal test that the plaintiff must have the assistance of a lawyer.

"When confronted with a request . . . for pro bono counsel, the district court is to make the following inquiries: (1) has the indigent plaintiff made a reasonable attempt to obtain counsel or been effectively precluded from doing so; and if so, (2) given the difficulty of the case, does the plaintiff appear competent to litigate it himself?" *Pruitt v. Mote*, 503 F.3d 647, 654-655 (7th Cir. 2007). The court must deny "out of hand" a request for counsel made without a showing of such effort. *Farmer v. Haas*, 990 F.2d 319 (7th Cir.), *cert. denied*, 114 S. Ct. 438 (1993). The plaintiff

asserts that he has been unsuccessful in recruiting representation on his own. Although the Court concludes, based on the above filing, that the plaintiff has made a reasonable effort to secure representation, he should continue his own effort.

The Court proceeds to the second inquiry required in these circumstances. The Court's task in this second inquiry is to analyze the plaintiff's abilities as related to "the tasks that normally attend litigation: evidence gathering, preparing and responding to motions and other court filings, and trial." *Pruitt*, 503 F.3d at 655. Accordingly, the question is not whether an attorney would help the plaintiff's case, but whether, given the difficulty of the case, the plaintiff seems competent to litigate it himself. *Id.* at 653-655.

The plaintiff, Raymond Strominger ("Strominger") states that he has no legal training and that he is not capable to presenting this case given the extremely complex claims at issue. Further, Strominger states that he lacks adequate access to a law library because he is housed in a segregation unit. Despite Strominger's insistence to the contrary, the Court finds he is competent to litigate the claims in this case.

In making this determination the Court notes the following: Strominger has effectively pursued his rights in this civil action. His filings demonstrate an understanding of his claims, the legal questions at issue and the Court's procedures. For example, the amended complaint anticipated that certain claims are barred by the statute of limitations such that he argues that the four year statute of limitations provided by 28 U.S.C. § 1658 should be applied. In addition, the record reflects that he is an effective advocate at the administrative level such that he was able to obtain from the defendant all of the accommodations he seeks in this civil action. He also is an experienced litigator. In *Strominger v. Brock,* 2:10-cv-158-LJM-DKL he successfully argued that based on *United States v. Georgia*, 126 S.Ct. 887 (2006), the district court erred in dismissing his

claims for money damages brought pursuant to Title II of the Americans with Disabilities Act ("ADA") and Section 504 of the Rehabilitation. See dkts. 27 and 45 of 2:10-cv-158-LJM-DKL. There is no indication that Strominger's litigation skills are the result of anything other than his own abilities.

In addition, Strominger's concerns regarding his access to the law library are overstated. Nearly all prisoners face limitations in terms of legal resources and such limitations do not necessarily require the Court to recruit counsel to assist a prisoner. Strominger states that he is able to request case law by providing the law library with citations to particular opinions. Given the fact that the defendant's motion for summary judgment is pending there are ample cases cited by defendants which Strominger can request to inform himself of the law at issue. In addition, the cases cited by the defendant will almost certainly provide additional citations to relevant information in the body of the opinion.

Finally, the issue raised in the motion for summary judgment is not particularly complex. The only remaining claim for consideration is brought under the Rehabilitation Act. Specifically, Strominger alleges that the IDOC has discriminated against him by denying him the opportunity to participate in the Action, Consequences, and Treatment ("ACT") program because he is confined to a wheelchair. In other words he alleges he has been kept out of the program because of his disability. The IDOC seeks summary judgment on the remaining claim. See dkt. 56. The IDOC explains that it is entitled to judgment in its favor because the IDOC admitted Strominger into the ACT which began in February 2014. Strominger was notified that the IDOC was working to admit him into the next class prior to the filing of his initial complaint. The IDOC argues that Strominger's participation in the ACT program rules out any need for injunctive relief and there is no basis to conclude that Strominger is entitled to money damages. In other words, the IDOC

asserts that, unless Strominger is able to introduce admissible evidence to contest the facts that (a) he was told that he would be admitted into the ACT program or (b) was admitted into the ACT program, Claim I can be decided as matter of law. *See Morris v. Kingston*, 368 Fed. Appx, 686, 689-90 (7th Cir. 2010) (stating that bureaucratic negligence in accommodating a prisoner is not sufficient to state a claim for intentional discrimination, a prerequisite for damages). Given Strominger's demonstrated abilities and the difficulty of the remaining claim, Strominger is competent to litigate it himself

Based on the foregoing, therefore, the plaintiff's motion for appointment of counsel [dkt. 51] is DENIED.

**IT IS SO ORDERED.**

Date: October 22, 2014

*[signature]*

Hon. Jane Magnus-Stinson, Judge
United States District Court
Southern District of Indiana

Distribution:

RAYMOND STROMINGER
160814-B701
WABASH VALLEY - CF
WABASH VALLEY CORRECTIONAL FACILITY - Inmate Mail/Parcels
6908 S. Old US Hwy 41
P.O. Box 1111
CARLISLE, IN 47838

All Electronically Registered Counsel