# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF INDIANA
# TERRE HAUTE DIVISION

| | |
|---|---|
| RAYMOND STROMINGER, | ) |
| Plaintiff, | ) |
| vs. | ) Case No. 2:13-cv-291-JMS-WGH |
| INDIANA DEPT. OF CORRECTIONS, | ) |
| Defendant. | ) |

## ENTRY DENYING REQUEST FOR ADDITIONAL DISCOVERY

Plaintiff Raymond Strominger, an inmate in the custody of the Indiana Department of Correction ("IDOC"), filed an amended complaint which alleged four claims based on physical barriers to services under the Americans with Disabilities Act ("ADA") and the Rehabilitation Act of 1973 ("Rehabilitation Act"). Only one claim remains for resolution. See dkts. 27, 30, and 61 (dismissing claims). The remaining claim for consideration is brought under the Rehabilitation Act. Specifically, Strominger alleges that the IDOC has discriminated against him by denying him the opportunity to participate in the Action, Consequences, and Treatment ("ACT") program because he is confined to a wheelchair. In other words, he alleges he has been kept out of the program because of his disability.

The IDOC seeks summary judgment on the remaining claim. See dkt. 56. The IDOC explains that it is entitled to judgment in its favor because the IDOC admitted Strominger into the ACT which began in February 2014 and Strominger was notified that the IDOC was working to admit him into the next class prior to the filing of his initial complaint. The IDOC argues that Strominger's participation in the ACT program rules out any need for injunctive relief and there is no basis to conclude that Strominger is entitled to money damages. In other words, the IDOC

asserts that, unless Strominger is able to contest the facts that (a) he was told that he would be admitted into the ACT program or (b) was admitted into the ACT program, Claim I can be decided as matter of law. *See Morris v. Kingston*, 368 Fed. Appx, 686, 689-90 (7th Cir. 2010) (stating that bureaucratic negligence in accommodating a prisoner is not sufficient to state a claim for intentional discrimination, a prerequisite for damages).

Discovery in this case has been limited to matters related to Claim I. After additional discovery was provided by the IDOC, Strominger was given the opportunity to file an affidavit or declaration pursuant to Rule 56(d) of the *Federal Rules of Civil Procedure* setting forth any additional discovery requests that he needs in order to respond to the pending motion for summary judgment and the reasons why he needs such discovery. Now before the Court is Strominger's Rule 56(d) declaration and the IDOC's response. See dkt. 88.

When a non-movant party seeks additional discovery before responding to a Rule 56 summary judgment motion, Rule 56(d) places the burden on the non-movant to state the reasons why he cannot respond without the additional discovery. *Sterk v. Redbox Automated Retail, LLC*, 770 F.3d 618, 628 (7th Cir. 2014). Strominger's declaration fails to identify any discrete area of discovery that he needs (and which can be produced by the IDOC) to respond to IDOC's very focused summary judgment motion. He does not explain why the information he seeks is relevant or required. The IDOC's response reflects that Strominger has either been provided with the discovery he seeks, the requested documents are not available or the information sought is not relevant to the dispositive summary judgment issue. Strominger he has fallen short of meeting his burden to identify material facts needed to oppose summary judgment. Because Strominger has not shown how his additional discovery requests will affect the disposition of this case, additional time to conduct discovery shall not be permitted.

Consistent with the Entry of October 22, 2014, Strominger should file his brief in opposition to the IDOC's motion for summary judgment as soon as possible but no later than **Monday, March 9, 2015**. See dkt. 74. Given the fact that this motion has been pending since May 15, 2014, and because the issue remaining is extremely limited in scope, **no** extensions of time should be anticipated. Similarly, the IDOC is requested to file their reply as soon as possible after the filing of the response brief, but no later than fourteen days after a response is served as permitted by Local Rule 56-1(c). These are strict deadlines.

**IT IS SO ORDERED.**

Date: February 6, 2015

_____
Hon. Jane Magnus-Stinson, Judge
United States District Court
Southern District of Indiana

Distribution:

RAYMOND STROMINGER
DOC 160814-B701
WABASH VALLEY CORRECTIONAL FACILITY - Inmate Mail/Parcels
6908 S. Old US Hwy 41
P.O. Box 1111
CARLISLE, IN 47838

All Electronically Registered Counsel