UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
TERRE HAUTE DIVISION

| | |
|---|---|
| RAYMOND STROMINGER, ) <br> ) <br> Plaintiff, ) <br> ) <br> vs. ) <br> ) <br> INDIANA DEPT. OF CORRECTIONS, ) <br> ) <br> ) <br> Defendant. ) | Case No. 2:13-cv-291-JMS-WGH |

**Order Granting Defendant's Motion for Summary Judgment
and Directing Entry of Final Judgment**

Plaintiff Raymond Strominger, an inmate confined at the Wabash Valley Correctional Facility, alleges that the Indiana Department of Correction ("IDOC") discriminated against him by initially denying him the opportunity to participate in the Action, Consequences, and Treatment ("ACT") program because he requires the use of a wheelchair. Mr. Strominger argues that he is entitled to compensatory or nominal damages under Section 504 of the Rehabilitation Act of 1973, 29 U.S.C. § 701, *et. seq.*, because his rights were intentionally violated by the IDOC.[1] This is the only remaining claim for consideration.[2]

---

[1] Mr. Strominger does not seek punitive damages, nor could he because punitive damages are not available under the Rehabilitation Act. *Barnes v. Gorman*, 536 U.S. 181, 189 (2002) (holding that "[b]ecause punitive damages may not be awarded in private suits brought under Title VI of the 1964 Civil Rights Act, it follows that they may not be awarded in suits brought under § 202 of the ADA and § 504 of the Rehabilitation Act").

[2] All other claims (Claims II, III, and IV) were dismissed as barred by the statute of limitations. See dkt. 61.

The IDOC seeks summary judgment on this remaining claim. For the reasons explained below, the motion for summary judgment [dkt. 56] is **granted.**

**Standard of Review**

A motion for summary judgment asks that the Court find that a trial based on the uncontroverted and admissible evidence is unnecessary because, as a matter of law, it would conclude in the moving party's favor. *See* Fed. R. Civ. P. 56. To survive a motion for summary judgment, the non-moving party must set forth specific, admissible evidence showing that there is a material issue for trial. *Celotex Corp. v. Catrett,* 477 U.S. 317, 323 (1986). Whether a party asserts that a fact is undisputed or genuinely disputed, the party must support the asserted fact by citing to particular parts of the record, including depositions, documents, or affidavits. Fed. R. Civ. P. 56(c)(1)(A).[3] A party can also support a fact by showing that the materials cited do not establish the absence or presence of a genuine dispute or that the adverse party cannot produce admissible evidence to support the fact. Fed. R. Civ. P. 56(c)(1)(B).

A moving party is entitled to judgment as a matter of law where the non-moving party "has failed to make a sufficient showing on an essential element of her case with respect to which she has the burden of proof." *Celotex*, 477 U.S. at 323. "[A] complete failure of proof concerning an essential element of the nonmoving party's case necessarily renders all other facts immaterial." *Id.; see also Lewis v. Holsum of Ft. Wayne, Inc.*, 278 F.3d 706, 709 (7th Cir. 2002).

The key inquiry, then, is whether admissible evidence exists to support a plaintiff's claims, not the weight or credibility of that evidence, both of which are assessments reserved to the trier

---

[3] Because Mr. Strominger's statement of material facts in dispute are not supported by citations to the record, they were disregarded. Mr. Strominger's declaration (dkt. 94-2), however, was considered to the extent it complies with Rule 56(c)(4) of the *Federal Rules of Civil Procedure*.

of fact. *See Schacht v. Wis. Dep't of Corrections,* 175 F.3d 497, 504 (7th Cir. 1999). When evaluating this inquiry, the Court must give the non-moving party the benefit of all reasonable inferences from the evidence submitted and resolve "any doubt as to the existence of a genuine issue for trial . . . against the moving party." *Celotex,* 477 U.S. at 330.

### Statement of Facts

The following statement of facts was evaluated pursuant to the standards set forth above. That is, this statement of facts is not necessarily objectively true, but as the summary judgment standard requires, the undisputed facts and the disputed evidence are presented in the light reasonably most favorable to Mr. Strominger as the non-moving party with respect to the motion for summary judgment. *See Reeves v. Sanderson Plumbing Prods., Inc.,* 530 U.S. 133, 150 (2000).

ACT is a multidisciplinary, behavioral rehabilitation program for difficult inmates who have been placed in long-term restrictive housing and who exhibit both the desire and ability to complete the program. Each class consists of about twelve inmates and lasts about twelve months. Participants are housed together on the same range (group of cells) to facilitate instruction and avoid disruption from non-participants.

There is a waiting list for entry into the ACT program. Generally at any one time, fifty inmates have asked for a referral into the program and are waiting for admission. On May 12, 2014, seventeen inmates who were referred to the program in the first quarter of 2013 were still waiting to be admitted into the program.

Admission priority is generally given to participants with the earliest projected release dates. Mr. Strominger does not have a projected release date because he was sentenced to life in prison without parole after his conviction for the murder of his former girlfriend, her mother, and

3

her boyfriend.

The last phase of the program seeks to prepare offenders for a return to the general offender population, but successful completion of the program only guarantees that a committee shall review the inmate's behavior and submit a recommendation; the Wabash Valley superintendent and IDOC's executive director have the final say on whether the offender can be placed in the general population.

Mr. Strominger was assigned to long-term administrative segregation in 2009 following his violent assault on an elderly inmate, in which the inmate's skull was crushed and the elderly inmate subsequently died after being taken off life support. Mr. Strominger is housed in a handicap accessible cell on the only handicap accessible range in administrative segregation, B-700.

Jerry Synder is the unit team manager for the Secure Confinement Unit. He is responsible for overseeing programming such as the ACT program, which is coordinated by casework manager Beverly Gilmore.

Mr. Strominger asked for a referral into an ACT class in January 2013, after IDOC had already notified participants of their admission into the ACT class beginning later that month. Jerry Snyder approved Mr. Strominger's admission in the ACT program which began in April 2013. To accommodate Mr. Strominger, and still hold the ACT program in the A housing unit, Mr. Snyder suggested that Mr. Strominger could be transported to the housing unit for the instruction and then returned to his current cell after the class ended.[4]

When Mr. Strominger was taken to the class on the A-1200 range, on April 11, 2013, IDOC

---

[4] See dkt. 94-1 at p. 7 (Case Note); dkt. 94-1 at p. 22 (Email Correspondence) and dkt. 58-4 at p. 4 (Snyder Declaration).

realized that he could not participate because his wheelchair could not fit through the door of the cell assigned for his use.

Mr. Strominger was admitted into one of the two next ACT classes, both of which began in February 2014. To accommodate Mr. Strominger, IDOC arranged for one of the ACT classes to be held on the range with handicap cells where Mr. Strominger was residing. By conducting this class on this range, IDOC was able to offer the program to only nine inmates, including Mr. Strominger, because three persons on the handicap range declined to participate.

## Discussion

A prisoner has no right per se to be admitted to a rehabilitative or educational program. *See, e.g.*, *Zimmerman v. Tribble*, 226 F.3d 568, 571-72 (7th Cir. 2000); *Higgason v. Farley*, 83 F.3d 807, 809 (7th Cir. 1996). However, Section 504 of the Rehabilitation Act states, "no otherwise qualified individual with a disability in the United States . . . shall, solely by reason of her or his disability, be excluded from the participation in, be denied the benefits of, or be subjected to discrimination under any program or activity receiving Federal financial assistance or under any program or activity conducted by any Executive agency . . ." 29 U.S.C. § 794.

To state a claim under the Rehabilitation Act, Mr. Strominger must show that (1) he is a qualified person (2) with a disability and (3) the IDOC denied him access to a program or activity because of his disability. See 29 U.S.C. § 794(a); *Wis. Cmty. Serv. v. City of Milwaukee*, 465 F.3d 737, 746 (7th Cir. 2006); *Foley v. City of Lafayette*, 359 F.3d 925, 928 (7th Cir. 2004); *Grzan v. Charter Hosp. of Nw. Ind.*, 104 F.3d 116, 119 (7th Cir. 1997). In this case, there is no dispute that Mr. Strominger is a qualified person with a disability or that refusing to make reasonable accommodations is tantamount to denying access. The question then is whether under the

Rehabilitation Act the IDOC unlawfully discriminated, excluded or denied services to Mr. Strominger. *Foley*, 359 F.3d at 928.

A finding that the Rehabilitation Act has been violated will not necessarily result in a finding that the public entity is liable for money damages. Compensatory damages are only available if "a public official intentionally discriminates because of disability."[5] *Morris v. Kingston*, 368 Fed. Appx. 686, 689-690 (7th Cir. 2010). Thus, even if Mr. Strominger could show a violation of the Rehabilitation Act, he may recover compensatory damages only with a showing of intentional discrimination. *Strominger v. Brock*, 592 Fed. Appx. 508, 511 -512 (7th Cir. 2014) (citing 42 U.S.C. § 12133 (ADA); 29 U.S.C. § 794a(a)(2) (Rehabilitation Act); *Barnes v. Gorman,* 536 U.S. 181, 184–89 (2002); *CTL ex rel. Trebatoski,* 743 F.3d at 528 n. 4). The Seventh Circuit has yet to decide whether discriminatory animus or deliberate indifference is required to show intentional discrimination. *Id.* Mere negligence is insufficient under either standard, though. *Id. See also Morris v. Kingston*, 368 Fed. Appx, 686, 689-90 (7th Cir. 2010) (stating that bureaucratic negligence in accommodating a prisoner is not sufficient to state a claim for intentional discrimination, a prerequisite for damages). It is not enough to simply show that the defendant failed to comply with the relevant regulations. *Meagley v. City of Little Rock,* 639 F.3d 384, 387 (8th Cir. 2011) (finding that although zoo violated the ADA and Rehabilitation Act by maintaining facilities which did not comply with relevant regulations, the injured plaintiff was not entitled to compensatory damages because she had not provided proof of intentional discrimination).

---

[5] Mr. Strominger's ability to recover compensatory damages for emotional injuries is also limited by the Prisoner Litigation Reform Act ("PLRA") which provides "[n]o Federal civil action may be brought by a prisoner confined in a jail, prison, or other correctional facility, for mental or emotional injury suffered while in custody without a prior showing of physical injury." 42 U.S.C. ' 1997e(e). Thus, Mr. Strominger must show a physical injury if he is to recover any compensatory damages for emotional injuries.

The IDOC argues that it has accommodated Mr. Strominger's desire to participate in the ACT program. Because Mr. Strominger is now enrolled in the program, he has not been denied access to this program. Nor is there any reasonable basis for accusing IDOC of intentional discrimination merely because Mr. Strominger's entry into the program was delayed by IDOC's need to schedule a program, with limited space and a waiting list, on a range with a cell conducive to his wheelchair. Mr. Strominger sought admission into the program in January 2013. The IDOC, despite having a basis for placing him at the bottom of the waiting list (that is he has no earliest possible release date or EPRD), sought to admit him and did admit him to the next class scheduled to begin in April 2013. The IDOC arranged for Mr. Strominger to be transported to the range for the ACT classes and then returned to his handicap accessible cell. That accommodation did not work, however, because his wheelchair was too wide to get him into the cell. Unit Team Manager Jerry Snyder continued to work to arrange accommodations for Mr. Strominger to participate in the next ACT program. Mr. Strominger was successfully enrolled in the next ACT program which began on February 2014. He was accommodated by moving the program to his range.

Even viewing the evidence in the light most favorable to Mr. Strominger, the prison officials, in particular Unit Team Manager Jerry Snyder, acted reasonably to accommodate Mr. Strominger. At most, the IDOC was negligent in not discovering prior to the start of the April 2013 ACT program that Mr. Strominger's wheelchair would not fit into the cell assigned for his use during the ACT classes. When this accommodation failed, it was reasonable for the IDOC to allow the April 2013 ACT program to continue without Mr. Strominger and to find an accommodation which would allow him to participate in the next class. Given Mr. Strominger's life sentence and the waiting list for the ACT program, no reasonably jury could conclude that the IDOC

intentionally discriminated against him by failing to find an accommodation which would allow him to successfully participate in the 2013 class. Accordingly, Mr. Strominger is not entitled to damages under the Rehabilitation Act.

**Conclusion**

Mr. Strominger is not entitled to money damages based on his delayed participation in the ACT program. There is no evidence from which a reasonable jury could conclude that the IDOC intentionally or with deliberate indifference failed to provide meaningful access to Mr. Strominger because of his disability. Accordingly, the defendant is entitled to judgment as a matter of law.

The motion for summary judgment [dkt. 56] is therefore **granted**. Judgment consistent with this Order shall issue.

**IT IS SO ORDERED.**

Date: March 26, 2015

_____
Hon. Jane Magnus-Stinson, Judge
United States District Court
Southern District of Indiana

Distribution:

RAYMOND STROMINGER
Reg. No. 160814-B701
WABASH VALLEY - CF
WABASH VALLEY CORRECTIONAL FACILITY - Inmate Mail/Parcels
6908 S. Old US Hwy 41
P.O. Box 1111
CARLISLE, IN 47838

All Electronically Registered Counsel